JOSEPH GELBAND, Plaintiff, *v.* " JOHN DOE," Both Names Fictitious, True Names Unknown to Plaintiff, Trading as ECONOMY HOUSE FURNISHING Co. and ECONOMY HOUSE FURNISHING Co., INC., Severally and in the Alternative, Defendants.

Municipal Court of New York, Borough of Manhattan, Third District, September 19, 1933.

*Goldman & Frier*, for the plaintiff.

*David Rudin*, for the defendant Economy House Furnishing Co., Inc.

LEWIS, DAVID C., J.   The defendant moves to set aside a judgment entered upon a default and to direct the plaintiff to make restitution of the funds collected by him through the enforcement of the default judgment.

The wording of section 129 of the Municipal Court Code, to wit, " If a judgment taken by default or any part thereof has been collected or otherwise enforced, and such judgment is set aside for any cause upon motion, such restitution may be compelled as the court directs," expressly endows the court with power, upon motion, both to vacate the judgment and direct restitution.   Prior to the amendment of the Code, the Municipal Court did not have the power to direct restitution upon a motion to vacate a judgment, and the decisions so holding looked to the old language.   Unless one is prepared to disregard the express provisions referring to the collection or otherwise enforcement of the judgment and to its being set aside upon motion, it is difficult to conceive why the court cannot and should not grant the relief prayed for by the defendant upon this application.

Motion granted.   Default opened.   Judgment vacated.   Defendant allowed five days to serve and file an answer, and the plaintiff is directed to make restitution to the defendant within ten days after the service of a copy of the order to be entered herein with notice of entry.

Settle order on one day's notice.