Eli Rothstein, Plaintiff, *v.* Leo P. Marx, Defendant.

Municipal Court of the City of New York, Borough of Manhattan, March 29, 1951.

*Nathan Immerman* for plaintiff.

*George Starke* for defendant.

McAULIFFE, J. This matter was submitted upon an agreed statement of facts. It is an action for conversion of the sum of $167.89, which the plaintiff contends the defendant, a marshal of the City of New York, obtained by virtue of an execution upon a judgment which was later vacated and set aside. The plaintiff demands the return of $167.89, which amount includes the marshal's fees of $13.64.

The defendant duly made a levy by virtue of an execution issued out of the Municipal Court, Second District, Borough of the Bronx, in a matter entitled *Max Reiser* v. *Eli Rothstein and Izak Breindel.* The plaintiff herein, who is the defendant in that action, made payment in full to the marshal, including the marshal's fees of $13.64. Subsequently the plaintiff made a motion to vacate the judgment and requested the court to direct the marshal to return to the plaintiff $167.89, the amount of the judgment, including marshal's fees. The motion was heard by Mr. Justice LORETO of this court.

An examination of the motion papers discloses the fact that the plaintiff requested the following: 1. To vacate and set aside the judgment entered against the defendant Eli Roth-

458

stein, and, 2. Directing Leo P. Marx, marshal of the City of New York, to return to said defendant the sum of $167.89.

Mr. Justice Loreto rendered the following decision: "Upon the foregoing papers this motion is granted to the *extent* of vacating the judgment entered against Eli Rothstein individually, it appearing he was never served herein with a summons individually nor consented to the entry of judgment against himself individually". (Italics mine.) The court, in effect, denied the second part of the plaintiff's motion asking for the return of the marshal's fees.

The defendant in this action, upon being sued, deposited the amount of the judgment with the clerk of this court on August 31, 1950; viz., $154.25, so that the only question involved herein is whether the plaintiff has a cause of action against the marshal for the return of the marshal's fees in the sum of $13.64.

In deciding the aforesaid motion, Mr. Justice Loreto had the power to direct the return of the marshal's fees as well as the amount of the judgment by virtue of subdivision 6 of section 129 of the New York City Municipal Court Code, which reads as follows: "Upon opening a default, amending, modifying or vacating a judgment or order, or setting aside the verdict of a jury and granting a new trial, the court may impose such terms and conditions as may be just." (See *Gelband* v. "*Doe*", 149 Misc. 3.)

At the time of the making of the levy, the marshal became lawfully entitled to the statutory marshal's fees pursuant to section 178 of the Municipal Court Code. These fees amount to $13.64 and there is no dispute as to the amount. The marshal had a statutory lien for his fees.

If the execution had been issued to the sheriff, the sheriff would unquestionably be entitled to retain the fees by virtue of subdivision 19 of section 1558 of the Civil Practice Act, which reads as follows: "19. In all counties where an execution has been vacated or set aside, the sheriff is entitled to poundage upon the value of the property levied upon not exceeding the amount specified in the execution, and to his fees, and to such additional compensation for his trouble and expenses in taking possession and preserving the property, if any, and the judge or court may make an order requiring the party liable therefor to pay the same to the sheriff".

Section 1558, which governs sheriff's fees, where a judgment has been vacated, is also applicable to city marshals by reason of sections 151, 45 and 47 of the Municipal Court Code, the applicable provisions of which are quoted below:

" § 151. The authority of a marshal extends throughout the city of New York * * * and all provisions of law relating to the powers, duties and liabilities of sheriffs in like cases and in respect to the taking and restitution of property shall apply to marshals."

" § 45. The manner of making the levy, the effect thereof and the effect of the marshal's certificate of sale, shall be governed by the provisions applicable to like cases in the supreme court."

" § 47. The duties and powers of a marshal with respect to the collection of debts, effects and things in action attached by him, and with respect to the maintenance by him of actions and special proceedings to reduce personal property to his possession, shall be the same as those of a sheriff, subject to the provisions of section one hundred and fifty-one of this act."

There is no specific provision in the Municipal Court Code which deals with marshal's fees where a judgment is vacated. The sections quoted above clearly indicate that unless there is a section in the Municipal Court Code which provides to the contrary, the sections of the Civil Practice Act, which apply to sheriffs also, apply to marshals. Unless there are contrary provisions in the Municipal Court Code, the Civil Practice Act and the Rules of Practice are applicable to the Municipal Court. (*Einstein* v. *Ulin,* 194 N. Y. S. 830.) Section 15 of the Municipal Court Code also deals with conformity to Supreme Court practice.

In the instant case Mr. Justice Loreto could have directed as a condition, in accordance with section 129 of the Municipal Court Code, that the fees be returned by the marshal.

The remedy of the plaintiff in this action, if any, was to appeal from Mr. Justice Loreto's decision. The plaintiff has no cause of action against this defendant and judgment is rendered accordingly dismissing the plaintiff's cause of action.